SWOPE *et al. v.* WATSON.

(Division A. Oct. 20, 1924.)

[101 So. 488. No. 24320.]

1. EQUITY. *Bill alleging cause of action demurrable, where exhibit shows no cause of action.*

Where written contract on which suit is based, filed as exhibit, shows that there is no cause of action, the bill is demurrable, though averments conflict with exhibit and allege cause of action.

2. EQUITY. *Unsigned contract filed as exhibit rendered bill demurrable, though allegations alone stated cause of action.*

Where contract to execute lease on which suit was based was not signed by defendants, the bill was demurrable, though allegations thereof, standing without exhibit, would have stated cause of action.

APPEAL from chancery court of Sunflower county.

HON. E. N. THOMAS, Chancellor.

Suit by W. M. Watson against I. R. Swope and others. From order overruling demurrer to bill, defendants appeal. Reversed and remanded.

*Ward Allen,* for appellants.

In considering this bill, see the rule announced in *McNeill* v. *Lee,* 79 Miss. 455, 30 So. 821, to the effect that allegations of complainant's bill which are not in conformi-

ty with the exhibits cannot be considered by the court on demurrer. The facts will be taken to be in conformity to the exhibits. The exhibits to the bill in question show a written lease contract between appellants and one E. H. Knight signed by E. H. Knight and lines prepared for the signature of appellants, but never signed by appellants. An acknowledgment was prepared for this contract to be executed by both appellants and the said Knight but was never executed by anyone but Knight. Exhibit B is a copy of the promissory note evidencing the rent to be paid under said contract, said note being in the large sum of one thousand six hundred and twenty-five dollars. Exhibit C. is an assignment by Knight to appellee of the written contract, a copy of which contract is shown as Exhibit A.

It will be readily noted by the court that the assignment, a copy of which is shown as Exhibit C. to the bill, assigns to appellee only the written contract, a copy of which is shown as Exhibit A, reciting that this contract has been recorded in the chancery clerk's office of Sunflower county, Mississippi, and making special reference to said contract. *This assignment does not in any way attempt to assign to appellee any oral contract which Knight may have made with appellants,* but confines itself to the unsigned, written contract. Under the rule announced in *McNeill* v. *Lee, supra,* we must confine ourselves to a consideration of whatever rights appellee may have taken by the assignment of this unsigned written contract, and under allegations of the bill which are in conformity to these exhibits, but we must exclude from our consideration the large number of random allegations which appellee has embodied in his bill and which are not in conformity with these exhibits.

Our position is that while an oral contract for the lease of land for one year is without the statute of frauds, there is yet a class of cases in which it is apparent that there is no contract until the agreement has been reduced to writing and signed, and we contend that it is patent

from appellee's bill that the contract under consideration comes squarely within this class. 13 C. J. 303, par. 124.

Our search has not revealed a Mississippi case in point, but see the leading case of *Mississippi & Dominion Steamship Co.* v. *Swift Company,* 41 Am. St. Rep. 545, and the annotations. See, also, *Hodges* v. *Sublett,* reported in 91 Ala. 588, 8 So. 800; *Chinnock* v. *Ely,* 4 De Gex, J. & S. 628; *Ridgeway* v. *Wharton,* 6 H. L. Cas. 238; *Morrell* v. *Tehama M. & M. Company,* 10 Nev. 135, 6 R. C. L. 619.

The essence of our case is, however, that the exhibits to the bill of complaint show conclusively that appellee is relying upon the assignment to him of an unsigned written contract, and that this puts the case forever within the rule announced. He paid two hundred and fifty dollars for a *written* assignment of a *recorded* but unsigned contract, and even went to the trouble and expense of having his *written* assignment recorded. All this appears from the exhibits and allegations of his bill to the contrary and to the effect that he is relying upon an oral contract cannot be considered by this court under the rule announced.

*Floyd & Easterling,* for appellee.

The court below overruled appellant's demurrer and required them to answer. No authority is needed to show that every fact and every inference to be deduced therefrom where well pleaded is to be taken as true upon the hearing as against a demurrer.

Now we submit that a careful consideration of the bill will show that the bill and the exhibits thereto are not contradictory of each other, but are in harmony; that the bill explains the nature of the exhibits. We further submit that when the bill is read in connection with the exhibits, sufficient facts are averred to show a perfectly valid contract between E. H. Knight, appellee's assignor, and the appellants for the lease of the land in question for one year. The bill avers that every detail of the con-

tract was agreed to; that the minds of the contracting parties met upon every proposition.

A contract for one year's lease of land need not have been in writing to be legal and valid. Reducing it to writing merely preserved the evidence of the true understanding between the parties. The writing was to be in this case, as shown by the pleading, a memorandum of the agreement, but even if the contract was of the kind required to be in writing, if adopted by the other parties, the same would be binding upon the parties adopting such contract. We submit that this is the law in regard to assumption of indebtedness upon land by accepting a deed. The vendee becomes bound by the deed and by any undertaking in the deed, though he does not sign the deed at all, and the same is true of any other contract where adopted by one party and signed by the other.

Now we take it that it must be admitted that if the lease contract is valid between appellants and the lessee, Knight, appellee is entitled to recover for he stands in the shoes of Knight and if the contract was valid with Knight it is valid as to him.

The exhibits do not contradict the averments of the bill. But, on the contrary the averments of the bill show a valid and binding contract and explain why the same was not signed by appellants. But we submit that it does show sufficient facts upon which to predicate the complaint. We submit that it shows that by adopting, and causing the lessee, Knight, to sign the same, that appellants ratified, approved, and adopted the contract reduced to writing by attorney Searcy, and became bound thereby to the same extent and in the same way as though their signature manual had been placed upon it. So we say that the averments of the bill and the exhibits taken together are in perfect harmony; that they supplement each other and that taken together they constitute a cause of action in the appellee. The exhibits and averments are consistent. They can stand together, and standing together they show a valid contract and that they, the

appellants, are bound by the exhibits for the reason set forth in the averments. 9 Cyc. 282; *Riley* v. *Vanhauten,* 4 H. 428. In *McKinney* v. *Adams,* 95 Miss. 832, Judge Whitfield criticises the opinion in *McNeill* v. *Lee,* cited by appellants.

This contract did not have to be in writing under the statute of frauds; *McRary* v. *Toney,* 66 Miss. 233, 5 So. 392; *Chaffe* v. *Benoit,* 60 Miss. 34; *Sellers* v. *Green,* 122 Ill. 549, 40 L. R. A. 198; *Johnson* v. *Dodge,* 17 Ill. 442; *Vogel* v. *Pekoc,* 157 Ill. 339, 3 L. R. A. 491; *Ullsperger* v. *Meyer,* 2 L. R. A. (N. S.) 226; 9 Cyc. 299.

Even if we are wrong in our views on the law governing this case, the judgment of the court here should be one reversing the case and not one dismissing the bill for the reason that the lower court held the bill good and appellee has not had opportunity to amend.

On Suggestion of Error.

Holden, J., delivered the opinion of the court.

It is suggested that we erred in our decision of this case in the opinion which was handed down recently. We have given due consideration to the suggestion of error and have decided to overrule it. But in order to clarify the opinion in one respect we shall withdraw the former opinion rendered herein and substitute the following as the opinion of the court in the case.

The suit is by attachment in chancery against the appellant non-residents, to recover damages for a breach of a written instrument purporting to be a lease contract for certain land for the year 1922. From an order overruling a demurrer to the bill this appeal is brought.

The record briefly stated, shows this kind of a case: The appellee Watson, as an assignee of a written lease of certain lands for the year 1922, charges in his bill that the appellants had entered into the written contract with one E. H. Knight to lease the land in question to Knight for the year 1922, and that Knight assigned the lease to appellee for a consideration of two hundred and fifty

dollars, and that appellee made preparations to cultivate the land under the lease for 1922, but when he undertook to move on the place, the appellants, who were the owners of the land, refused to give possession to appellee and refused to carry out the purported contract to lease sued on and made an exhibit to the bill, hence this suit to recover damages from appellants on account of refusing to comply with the terms of the written lease.

The appellants, defendants below, demurred to the bill on the ground that no cause of action was shown by the bill because the written lease filed as an exhibit to the bill had never been signed by the appellants but was only signed by the said Knight who it is claimed had leased the land from appellants. The bill of complaint seems to charge that there was a contract which was violated, but sets out the written contract as an exhibit to the bill which is claimed to have been violated and upon which the suit is founded. This written contract of lease as shown by the exhibit to the bill was never signed by the appellants, therefore never entered into, but was signed only by the said Knight as lessee, who also assigned it to the appellee Watson, and acknowledged the assignment and placed it upon record.

The contention of the demurrer is that the suit is based solely on the unsigned written contract which is shown by the exhibit to the bill, and that the contract was never executed by the appellants, and is therefore invalid, and that the exhibit to the bill upon which the alleged complaint is wholly founded is insufficient for recovery, and that appellee sues as assignee of this void contract.

We think the position taken by appellants is well founded and must be sustained. Where the written contract upon which the suit is based is filed as an exhibit, and relied upon solely as showing the contract, and from its character it may be seen that there is no cause of action the demurrer to the bill will be sustained.

Now in the case before us the unsigned exhibit of course cannot be considered a contract. It negatives the

fact of any contract, because not executed by appellants, and since the appellee's suit, by allegations of the bill, depends upon the written contract of lease, and as it appears that there is no executed written contract between the parties, the suit must fail, and the demurrer should have been sustained by the lower court. *McNeill* v. *Lee,* 79 Miss. 455.

Therefore the decree of the lower court is reversed and the case remanded for further proceedings. The former judgment is modified to remand instead of dismissing the cause.

*Reversed and remanded.*
*Suggestion of error overruled.*

Smith, C. J. (concurring).

One of the contentions of counsel for the appellant is that this suit is not on the unexecuted written instrument filed as an exhibit to the bill but is on an oral agreement for the lease of the land for one year; that while the parties thereto intended to reduce this agreement to writing they also intended for it to become operative whether reduced to writing or not; and that the unexecuted written agreement was filed as an exhibit to the bill simply for the reason that it sets forth what the agreement in fact was. Such a contract of course is valid, but the allegations of the bill when construed in connection with the exhibit thereto and the assignment of the contract to the appellant, which is of the written instrument filed as an exhibit to the bill, present a suit on a written and not an oral contract. If the oral agreement were intended to become operative whether reduced to writing or not, the bill of course may be amended so as to set forth that fact.