## AMERICAN OIL Co. *v.* BISHOP *et al.*

(Division A. April 18, 1932. Suggestion of Error Overruled May 16, 1932.)

[141 So. 271. No. 29958.]

(Division A. May 16, 1932.)

[141 So. 765. No. 29958.]

For former opinion, see 141 So. 271.

Hannah & Simrall, of Hattiesburg, for appellant.

A. M. Edwards, of Mendenhall, for appellees.

Argued orally by **Jas. Simrall, Jr.**, for appellant, and by **A. M. Edwards**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

The appellant, American Oil Company, filed its petition for a writ of mandamus against the board of supervisors of Simpson county, to which the board interposed a demurrer. The demurrer was sustained; the appellant declined to plead further; the cause was dismissed, from which judgment this appeal is prosecuted.

The petition alleged that the American Oil Company was engaged in the business of selling gasoline, motor fuel, and motor oils, greases, and lubricants; and that, during the years 1929 and 1930, it contracted to sell, and did sell and deliver, a large quantity of their merchandise to Simpson county, Miss.; that, from time to time, itemized statements of the merchandise so sold and delivered were presented to the board of supervisors; that, at the regular December 1930, meeting of the board of supervisors, its claim was audited allowed and approved, and the order so doing was made a part of the petition; said order being in the following language:

"The State of Mississippi, Simpson County.
"Board of Supervisors Court
"December Term, 1930

"Be it Remembered that at the above stated Term of the honorable Board of Supervisors of said County, an order was then and there made by said Board, which was in the following words and figures, to-wit: 'It is hereby ordered that the Board acknowledges that it is due the American Oil Company the sum of six thousand four dollars and forty-five cents for oil and gasoline furnished District No. 2 of Simpson County, up to November 30, 1930, and the sum of one thousand two hundred sixty-eight dollars and ninety cents for oil and gas-

oline furnished District No. 3 up to October 31st, 1930.' ''

The petition further alleged that the item of one thousand two hundred sixty-eight dollars referred to in the order had been paid, and that five hundred dollars had been paid on the sum of six thousand four dollars and forty-five cents, reducing the amount due to the sum of five thousand five hundred four dollars and forty-five cents, which, it is alleged, is still due and unpaid; that the petitioner had called upon the board of supervisors to pay its account, but that said Board had neglected, failed, and refused to pay it, giving as a reason for their refusal that there were no funds, or insufficient funds, in the treasury with which to pay same.

It was further alleged that the appellant had demanded of the board of supervisors at their regular meetings that they issue bonds under the authority of section 5977, Code of 1930, and that said board of supervisors had refused so to do. The petition further alleged that the appellant has no other adequate remedy, except by a writ of mandamus, and, there being no funds in the treasury for the payment of its account, it would have been a useless thing for the board of supervisors to have issued warrants, and, in fact, would have been a violation of the law. It was further alleged that it was the plain, imperative duty of the board of supervisors, in event they did have the money in the treasury with which to pay the account, to have immediately directed the issuance of a warrant in favor of the petitioner for said amount, and, if they had not sufficient funds with which to pay said account, then it was the duty of the supervisors to issue bonds to pay same.

The petition further alleged that it was the opinion of the appellant that the board of supervisors did not have in the treasury funds with which to pay this account, and prayed for the issuance of a writ of mandamus requiring said board to either issue a warrant, or bonds, in order that the account might be paid.

The board of supervisors appeared and interposed a demurrer setting forth the following grounds:

"1. Petitioner has a plain, adequate and speedy remedy at law.

"2. The petitioner has another specific remedy against the defendant, to-wit, the right to sue defendant, if any indebtedness be due, or to appeal from the order of the Board of Supervisors rejecting its claim.

"3. The Board of Supervisors, defendants, had the right under the law, to judiciously determine whether the said account of petitioner should be allowed, and this in effect said Board did determine against the allowance of said account, when it neglected, failed and refused to pay same as alleged in the petition of plaintiff, and having acted thereon, the petitioner has no right to a writ of mandamus against this defendant, and can only exercise its legal and specific remedy by appealing from the action of the Board, or by suing the defendant for the amount of the claim.

"4. The fact that the Board of Supervisors at its December, 1930, meeting approved the said account of the American Oil Company referred to in plaintiff's petition and marked Exhibit A thereto did not deprive defendant of the right under the law to contest said claim, if they believe there is a good defense to said claim.

"5. And for other causes to be assigned at the hearing hereof. Assigned at hearing. Because petitioner fails to allege in its petition that the items and purchase composing said claim were either for emergencies or for the purpose of defraying current expenses, as required by statute, and therefore said claim does not come within the purview of Section 5977 of Code 1930."

We are of opinion that the third and fourth grounds of the demurrer sufficiently challenge the appellant's right to the extraordinary writ of mandamus, although not succinctly or aptly stated.

It will be noted that the petition alleged that the appellant's account against the county was audited, allowed, and approved. The account is not made the basis of the petition, because no itemized account is attached thereto, so that we must conclude that the order of the

board of supervisors attached as Exhibit A is the basis of the lawsuit, and that the pleader construed the order to be a final judgment allowing the account.

The demurrant, on the contrary, construes the order to be a rejection of the account by the board of supervisors. The basis of the petition herein is evidently the order of the board of supervisors, and, in our opinion, they are in hopeless and irreconcilable conflict.

The so-called order is an acknowledgment of indebtedness—an acknowledgment of the amount due—but it does not approve and allow the account in conformity with section 255, Code of 1930. The words necessary to constitute this order a judgment of that kind are carefully omitted from it.

The appellant frankly concedes that the board of supervisors were not authorized to have the clerk issue a warrant therefor, because, as stated in the petition and in the briefs, there was no money in the treasury from which the warrant could be paid. Section 5979, Code of 1930, forbids the issuance of a warrant by a board of supervisors where there is no money in the treasury with which to pay it.

Under section 374, Code of 1930, the exhibit in this case is a part of the bill, and, as we have determined, the exhibit is the basis of the action, and is in conflict with the allegations of the petition. See Swope v. Watson, 136 Miss. 348, 101 So. 488; Carpenter v. Douglass, 104 Miss. 74, 61 So. 161, 425; McKinney v. Adams, 95 Miss. 832, 50 So. 474; House v. Gumble, 78 Miss. 259, 29 So. 71; and McNeill v. Lee, 79 Miss. 455, 30 So. 821. We might add that there is no attack upon the exhibit to the petition, but there is an attempt to rely upon and uphold it by a misconstruction of its meaning and effect.

It is not our purpose to undertake to analyze the so-called order. We content ourselves by saying that it is not such an order as is contemplated by the statute, which requires that the board of supervisors shall allow and approve claims before the clerk is required or permitted to issue warrants therefor.

It is quite well settled that in this character of proceeding the petitioner cannot recover a judgment for a sum, the payment of which he seeks to have enforced by the extraordinary writ of mandamus, in the proceeding instituted therefor. Anderson v. Robins (Miss.), 137 So. 476.

In our opinion, the allegations of the petition show that the appellant's claim is still a pending one before the board of supervisors. He had a remedy at law, either by appeal, if and when the board acts, or by a suit at law, if the board refused to act.

In the state of this record, we are therefore of opinion that the petitioner has prematurely filed his petition for a writ of mandamus. In order to avail himself of his supposed remedy in this case, it is clear that he must either have the order of the board of supervisors made in conformity to section 255, Code of 1930, or he must have, by appeal, or by a suit and judgment at law, such right, before he can seek the remedy of mandamus. See Board of Sup'rs of Lawrence County v. City of Brookhaven, 51 Miss. 68, and Portwood v. Board of Sup'rs of Montgomery County, 52 Miss. 523.

It is not contended in the briefs that section 5977, Code of 1930 was intended to change the method by which boards of supervisors have, at all times, been vested with jurisdiction to determine obligations and liabilities of counties, except those obligations and liabilities which have been specifically and directly imposed upon counties by the Legislature.

There are other questions which arise on the face of this petition, but we prefer not to raise or discuss them until such time as the case shall arise, when it shall become our duty to consider and decide them.

Under the Portwood Case, supra, the petitioner is not entitled to the writ of mandamus, and the court below properly sustained the demurrer.

Affirmed.

On Suggestion of Error.

McGowen, J., delivered the opinion of the court on suggestion of error.

In overruling this suggestion of error, we desire to make it perfectly clear that we dealt only in the main opinion with the appellant's right to a writ of mandamus on the facts of its petition. 141 So. 271.

In the order of the board of supervisors, attached as an exhibit to the petition, there was no such allowance of the claim if there had been funds in the treasury available and sufficient to pay it as that the clerk could lawfully have issued a warrant therefor. While this petition seeks the issuance of bonds for the payment of its claim, it does not show such interest in the subject-matter as would authorize the clerk to issue a warrant for the payment of its claim if the bonds had been issued voluntarily by the board of supervisors or by force of a mandamus writ. The object of the petition was to secure a payment of its claim.

Before it is entitled to a mandatory order requiring the board of supervisors to issue bonds, appellant must show that it would be entitled as a matter of right to have the clerk issue a warrant therefor if the money were available to pay it; in other words, in order to obtain injunctive relief by mandamus, the petitioner must show if funds were in the treasury to pay this claim that the clerk could, and, in the event of his refusal, would be, compelled to issue his warrant therefor. The petition makes no such showing.

Overruled.