LOVE, SUPERINTENDENT OF BANKS, *v.* LINCOLN COUNTY.

(Division A. May 1, 1933. Suggestion of Error Overruled May 15, 1933.)

[147 So. 877. No. 30610.]

Flowers, Brown & Hester, of Jackson, and **H. V. Wall** and **R. L. Jones**, both of Brookhaven, for appellant.

A. A. Cohn, E. B. Sauls, Jr., and J. N. Yawn, all of Brookhaven, for appellee.

864

Argued orally by **H. V. Wall**, for the appellant, and by **A. A. Cohn**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment sustaining a demurrer to and dismissing a petition for a writ of mandamus. The petition was filed by the Planters' Bank, a corporation, and presented the following case: The Bogue Chitto Consolidated School District constructed a school building in accordance with the statute so provid-

ing, and, in so doing, incurred an indebtedness of one thousand, seven hundred eleven dollars and thirty-seven cents to the Bogue Chitto Lumber Company.

The money raised in accordance with the statute for the payment of this building has been exhausted, leaving this indebtedness unpaid. This fact was certified to the board of supervisors by the school trustees, and a request to the board to levy a tax for the payment thereof was denied.

The defendants to the petition are the board of supervisors of Lincoln county, in which the school is, and the prayer thereof is that the board be directed "to pay the account aforesaid, or to levy a tax upon the property of said district, or issue and sell bonds sufficient to pay said account." The Planters' Bank was taken over by the state banking department, and the case was revived in the name of the superintendent of banks.

When the money obtained in accordance with the statutes for the construction of buildings for a consolidated school district is exhausted, additional money for that purpose can be raised only, if, when, and as the Legislature provides. The statute which the petition invokes for that purpose is chapter 114, Laws of 1930, which provides: "That in any consolidated school district where buildings have been heretofore erected for the use and benefit of such dictrict, and the building funds of the district have heretofore been exhausted so that there are not sufficient funds with which to pay outstanding claims, accounts, or obligations incurred in the erection of such building, the trustees of such consolidated school district shall certify such fact to the board of supervisors of the county in which such district is located showing the amount due on such claims, accounts, or obligations, and the individual, firm, or corporation to which such amounts are justly due, and the board of supervisors of such county are authorized in their discretion to levy a tax against the property in said district sufficient to pay said accounts with lawful interest."

The appellant's contention is that this statute imposes a mandatory duty on the board of supervisors to levy a tax against the property in the district sufficient to pay this account with lawful interest. That line of cases holding that statutes providing that public officers may do certain things are sometimes construed as if the word "shall" instead of the word "may" had been used, is cited in support of this contention. These cases are of no value here, for the statute expressly places the levy of the tax wholly within the discretion of the board of supervisors, and this court has decided so many times that a citation of the cases so doing would be a work of supererogation, that a discretion vested in public officers cannot be controlled by the courts in mandamus proceedings. The Legislature could have exercised this discretion itself, but declined to do so, and simply authorized the board of supervisors to levy such a tax in their discretion, thereby placing on them the burden of determining whether such a tax should be levied for the payment of such accounts. The statute is permissive only. It may be that the Supreme Court of the United States, in a case in which it has jurisdiction so to do, would construe the statute differently, Board Supervisors Rock Island County v. United States, 4 Wall. 435, 18 L. Ed. 419, but so to do, in our opinion, would be to amend the statute by interpretation so as to give it an effect not intended by the Legislature.

Much is said in the brief of counsel for the appellant as to the moral obligation of the county to pay this debt, all of which may be true, but responding to such an obligation is for the determination of the Legislature and not for the courts. If the statute were doubtful, it may be that the doubt should be solved so as to make it accord with the moral law, but such is not the case here.

Affirmed.