CITY OF VICKSBURG *v.* MELSHEIMER.

(Division A.   Oct. 31, 1938.)

[184 So. 68.   No. 33342.]

**R. M. Kelly** and **Chaney & Culkin,** all of Vicksburg, for appellant.

**Brunini, Wright & Brunini**, of Vicksburg, for appellee.

522

Argued orally by **R. M. Kelly**, for appellant, and by **Alex Brunini**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The governing authorities of appellant City raised the assessment of appellee above the valuation returned by him to the city assessor, and an appeal having been taken to the circuit court, a directed verdict was there ordered against the City, and an appeal to this court has followed.

The City of Vicksburg is governed under an ancient special legislative charter, but the scheme therein for the assessment of municipal ad valorem taxes is, in its general principles, in accord with the plan for the assessment of such taxes under the Code chapters on municipalities, and on revenue, although the time for doing so is different.

In the case here in hand, the city assessor submitted his assessment rolls to the municipal board at its regular meeting on December 7, 1936; and it was ordered that the rolls be received and that the board, as a committee of the whole, would meet "from day to day and time to time for the purpose of revising and considering said rolls."

The revision had not been entirely completed when the regular meeting came on to be held on the first Monday, the 4th day of January, 1937, at which meeting, after attending to other matters, the board concluded its minutes with the recital: "On motion the board adjourned to meet from day to day and time to time to revise the

assessment rolls.'' There was, however, no meeting on the following day, January 5th, nor on January 6th, but the next meeting was on January 7th, there being, therefore, an elapse of two days.

At the meeting of January 7th, steps were taken, vital to the validity of the assessment, so that if this meeting was without authority of law, there was no completed assessment—hence no legal assessment at all.

It is the contention of appellee that when the board adjourned on January 4th to meet again from day to day thereafter, the failure to meet on the succeeding day exhausted the adjournment order and that to resume on January 7th, a written call for a special meeting became necessary, which call was not made; in brief, that all that was done on January 7, 1937, was of no legal effect and void; and the trial court held to that view.

To the above contention appellant City has replied that in respect to the prolonged examinations and sessions required in the preliminary equalization of ad valorem assessments, the opinion in Wolfe v. Murphy, 60 Miss. 1, 15, is applicable and is decisive in appellant's favor. Without addressing ourselves to that decision, we prefer to rest our conclusion upon the fact that all members of the governing board were present and acting on the stated subject at the meeting of January 7th, and that it is immaterial, a mere clerical matter, that the meeting of said date was denominated in the minutes thereof as ''an adjourned regular meeting,'' since, in any event, it was a valid meeting, all members being present.

It is laid down by the weight of authority, in fact there is but little dissent from it, that a special meeting of a municipal board,—which means, of course, a meeting held at any time other than that fixed for regular meetings, or by reason of valid adjournments therefrom,—is legal when all the members are present and acting although no notice of the meeting was issued or served.

It is said that when all are present and acting, everything has been accomplished which a notice would have secured. 19 R. C. L., p. 885; 43 C. J., p. 501; 2 Dillon Munic. Corp. (5 Ed.), p. 886; 2 McQuillan Munic. Corp. (2 Ed.), p. 45.

Without committing ourselves to the foregoing statement as a general rule in this state, we do hold that the announcement is good as to those meetings wherein the board is engaged in the preliminary work of reviewing and revising the assessment rolls, preparatory to giving the taxpayers notice of a date when they may appear and be formally heard. The work at those preliminary meetings has no finality as to the taxpayer,—it is no more than to prepare the rolls into what are, in effect, completed proposals by the board in regard to the assessments, as against which proposals the taxpayer has a right to be heard later and before the proposals can become final. The work of preliminary review and revision may properly be termed a mere matter of administrative detail. It is not contemplated, and certainly it is not essential, that the taxpayer is to be heard or is even to be present at those prolonged examinations. As already mentioned, the taxpayer's time to be present and to be heard is later, after notice has been given him of the day when he will be heard.

For these reasons we conclude that the meeting on January 7, 1937, for, and to the extent of, the purpose and business then in hand, was valid. We have examined the other objections raised by appellee, but do not find them sufficient to avoid the assessment.

Reversed and judgment here for appellant.

### ON SUGGESTION OF ERROR.

PER CURIAM.—The suggestion of error filed herein will be overruled except in so far as it seeks to set aside the final judgment rendered here and procure a remand

of the case to the court below for further proceedings. To that extent the suggestion of error will be sustained, the final judgments will be set aside, and one remanding the case to the court below will be entered.

So ordered.