CITY OF CLARKSDALE v. HARRIS.

(Division B. June 10, 1940.)

[196 So. 647. No. 34203.]

W. W. Venable, of Clarksdale, for appellant.

808

810

Fred H. Montgomery, of Clarksdale, for appellee.

812

Argued orally by **W. W. Venable**, for appellant, and by **Fred H. Montgomery**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Mrs. Frank Harris filed a petition for mandamus in the Circuit Court of Coahoma County against the City of Clarksdale, a municipal corporation, which had adopted Chapter 55 of the Laws of 1930, providing for a relief fund for firemen and policemen, and providing for the disbursements, regulations of the same, and how revenue should be raised for such purposes. It was alleged that the city came under the terms of the act, had adopted the provisions thereof, and that the funds were to be raised by a one mill ad valorem assessment on taxable property situated within the city, by gifts or donations made by any person or corporation for such purposes, by a tax levy amounting to one per cent of the monthly salaries of each member of the fire and police departments, and also by such sum or sums the municipality might receive from insurance companies for the benefit of said fund.

It was alleged that for more than seventeen consecutive years prior to his death, Frank Harris, husband of the plaintiff, was employed as a member of the police department of the defendant city; he was actively en-

gaged in the discharge of his duties as such; that during
the tenure of service, he was required, in the discharge
of his duties, to stand and walk on his feet on concrete
pavements for the larger part of the day; that his work-
ing hours were normally long, to-wit: 'twelve hours per
day; that he was frequently called upon and did perform
duties after working hours; that his sleep was frequently
disturbed and broken by such services; that, in a prop-
er discharge of said duties, he was often exposed to
severe cold, to excessive heat, and inclement weather,
both night and day; when assigned to day duty, he was
often called out on extraordinary night service; that,
when he was employed by the city in the police depart-
ment, he was physically sound and enjoyed good health;
that, as a direct result of the labor and service as a
member of the police department, his health became im-
paired, and he developed chronic heart trouble, accom-
panied by dropsy and nephritis; that, because of the
ordinary duties devolving upon him, his state of ill
health was aggravated, and despite medical treatment,
he died on February 19, 1937, leaving his widow as his
sole surviving heir at law. It was further alleged that
his death was superinduced and was a direct and proxi-
mate result of the performance of the duties required
of him by the police department; at the time of his death
he was being paid $150 per month for his services; that,
as beneficiary of said Disability and Relief Fund for
Firemen and Policemen, she was entitled to receive $75
per month during her lifetime; that the City of Clarks-
dale had refused and failed to pay the installments as
provided by law; she prayed for judgment for the past
due installments, and for a mandamus directing the city
to forthwith make such payments, with lawful interest;
and on the first of each succeeding month thereafter to
pay her $75 for the balance of her natural life.

The petition for mandamus is demurred to, and there-
upon the plaintiff filed an amended petition for manda-
mus, setting out the facts alleged in the first petition;

and also setting out the proceedings of the Board of Disability and Relief of Clarksdale (as provided under Chapter 55, Laws of 1930), and its decision denying Mrs. Harris such pension. Appeal from the decision of such board was made to the Board of Disability and Relief at Jackson, which board was created by Section 9, Chapter 55, Laws of 1930. The question was considered by this board, and the judgment of the Board at Clarksdale was affirmed. A transcript of the proceedings, certified to by a stenographer, was set up as an exhibit to the petition for mandamus. The judgment of the board at Clarksdale bears date of March 12, 1937. The original petition for mandamus was filed August 25, 1939. The Board of Disability and Relief Appeals at Jackson, in its judgment, recited the following as conclusions of fact to be drawn from the record and evidence in the case:

"1. Mr. Frank Harris' death was caused by heart and kidney disease from which he had been suffering for more than a year prior to his death. Said disease was not directly attributable to Mr. Harris' activities as a policeman but would have resulted inevitably from any physical exertion and mental stress in any other occupation. Said disease was constitutional and is definitely associated with persons of Mr. Harris' disposition, habits and temperament when they have reached the age of Mr. Harris.

"2. The heart and kidney disease from which Mr. Harris died was aggravated by his duty as a policeman and death probably ensued sooner because of these activities than it would have occurred had Mr. Harris been engaged in a less strenuous work."

The testimony, which is not necessary to set forth, made an exhibit to the petition for mandamus, was such that, in our opinion, the board could draw different reasonable conclusions under the two or more reasonable theories, and the finding of the board was permissible; but, if it were not justified by the evidence, mandamus

would not be a remedy to test the matter. If the judgment had not been rendered on the facts, and if the board had been mandatorily under duty to render a different judgment, probably certiorari would have been the remedy. Cf. Holberg v. Town of Macon, 55 Miss. 112. However, we are not called upon now to say whether that remedy was available if seasonably applied for. Mandamus was not a remedy under Section 2348 of the Code of 1930. It is clear from the reading of Chapter 55 of the Laws of 1930 that the Board of Disability and Relief Appeal is given discretion in deciding whether or not a plaintiff is entitled to relief. A plaintiff's right to relief depends upon facts heard and found in an appropriate proceeding; and the board (prescribed by Chapter 55) did not refuse to act, but did act; and consequently, mandamus, under our jurisprudence, was not available for testing the correctness of their judgment and finding. Where discretion is left to an inferior tribunal or board, the writ of mandamus can only compel it to act but cannot control the discretion. Madison County v. Alexander, Walk. 523; Attala County v. Grant, 9 Smedes & M. 77, 47 Am. Dec. 102; Swan v. Gray, 44 Miss. 393; Vicksburg v. Rainwater, 47 Miss. 547; Clayton v. McWilliams, 49 Miss. 311; State Board of Education v. West Point, 50 Miss. 638; Monroe County v. State, 63 Miss. 135; Shotwell v. Covington, 69 Miss. 735, 12 So. 260; Cole v. State, 91 Miss. 628, 45 So. 11; City of Jackson v. McPherson, 158 Miss. 152, 130 So. 287; Love v. Lincoln County, 165 Miss. 860, 147 So. 877; Thomas v. Price, State Auditor, 171 Miss. 450, 158 So. 206; Alex Loeb, Inc. v. Board of Trustees, Pearl River Junior College, 171 Miss. 467, 158 So. 333; State v. County School Board of Quitman County, 181 Miss. 818, 181 So. 313; American Oil Co. v. Bishop et al., 163 Miss. 249, 141 So. 271, 765; Wood v. State, 169 Miss. 790, 142 So. 747.

We do not think it necessary to decide the many other questions presented in this case because of the fact that

mandamus was not an available remedy; and we are not called upon now to decide what rights might have been adjudged under a different proceeding timely instituted. The judgment of the court below is reversed and the petition for mandamus is dismissed.

Reversed and dismissed.