PATTERSON, Justice:
This appeal is from an order of the Chancery Court of the Second Judicial District of Harrison County which sustained a demurrer to the appellant’s bill of complaint. An interlocutory appeal was granted to settle the legal principles of the case.
By its bill of complaint the City of Biloxi sought to annex certain property to it which lies north of Biloxi Bay. The petition alleged, among other things, the following:
1. That, at a regular meeting of the Council of the City of Biloxi, Mississippi, held on May 18, 1971, the Council of the City of Biloxi, Mississippi duly and legally adopted an Ordinance Extending and Enlarging the corporate limits and boundaries of the said City of Biloxi, a certified copy of said' Ordinance being attached hereto, marked Exhibit “A” and made a part hereof. .
A copy of the ordinance is attached to the bill of complaint. It does not reveal that it has been signed by the mayor or a majority of the members of the governing body. The signatures, or facsimiles thereof, in no way appear upon the exhibit. Mississippi Code 1942 Annotated section 3374-72 (Supp.1971) provides the essentials for an effective ordinance. It is as follows:
Every ordinance passed by the governing body of a municipality, except as is otherwise provided by law, shall be certified by a municipal clerk, signed by the mayor or a majority of all the members of the governing body, recorded in the ordinance book, and shall be published at least one time in some newspaper published in such municipality, or, if there be no such newspaper, then by posting a copy of same at three or more public places within the corporate limits of such municipality for one week; and all of same shall be done before such ordinance shall be effective. . . . (Emphasis added.)
The issue presented is whether the lower court erred in sustaining the general demurrer and in dismissing the annexation petition filed by the City of Biloxi.
A demurrer which goes to the substance of the whole bill, as this one does, is a general demurrer. For the purposes of the demurrer it admits all things in the bill of complaint that are well pled. *890 It does not admit, however, conclusions of law. Griffith, Mississippi Chancery Practice, section 288 (2d Ed. 1950) and the cases cited therein. The expression “duly and legally adopted” is nothing more than a conclusion of the pleader which is not admitted by the demurrer nor does it lend validity to the ordinance. Moreover, conceding arguendo that the quoted words are not legal conclusions, nevertheless, the copy of the exhibited ordinance prevails over any contradiction or inconsistency between it and the averments of the bill. Griffith, Mississippi Chancery Practice, section 192 (2d Ed. 1950). See also Swope v. Watson, 136 Miss. 348, 101 So. 488 (1924), wherein a suit was brought on a written contract which was exhibited to the bill, but as exhibited it disclosed that the contract was not signed by the opposing party and this Court held that a demurrer to it was properly sustained since the exhibit controlled. We are of the opinion the ordinance exhibited is invalid since it departs from Mississippi Code 1942 Annotated section 3374-72 (Supp.1971) which requires that such ordinance be signed by the mayor or a majority of the members of the governing body. Of interest, Stephens v. Mayor and Board of Aldermen of City of Natchez, 261 So.2d 486 (Miss.1972). We conclude that the trial court correctly sustained the demurrer.
An issue is raised by cross appeal as to whether the property sought to be annexed, which lies north of Biloxi Bay, “adjoins” the city since it is separated by a navigable body of water. This appears to be a factual issue for decision by the Court and not a legal query for decision by demurrer. Moreover, in view of our opinion in the foregoing paragraph, it is now moot and does not require further review.
Affirmed and remanded with leave granted the petitioner to amend the bill of complaint.
RODGERS, P. J., and SMITH, ROBERTSON and SUGG, JJ., concur.