This is the second appearance of this case here. The decision of this Court on the former appeal is reported in 264 So.2d 888
(Miss. 1972). The nature and purpose of the proceedings, as reflected by the pleadings, are sufficiently stated in the former opinion of the Court. The case has yet to be tried upon its merits.
Following remand, pursuant to leave granted by this Court, the petition was amended to show that the annexation ordinance had been signed. A motion to strike the petition was then filed by protestants and the chancellor conducted an evidentiary hearing upon it. At the conclusion of the hearing, the chancellor sustained appellees' motion. The present appeal is from the chancellor's action in so doing.
The chancellor rendered no opinion and assigned no reason for his decision, but a search of the record in the light of the arguments advanced in this Court by the contending parties, forces us to the conclusion that he considered that the minutes of the City Commission at which the annexation ordinance was adopted had not been signed as required by Mississippi Code 1942 Annotated section 3374-72 (Supp. 1971), and that, therefore, the action of the City Commission in adopting the ordinance was void.
It is an uncontroverted fact that the minutes, at the time of the hearing, had been signed and bore the signatures of the mayor and clerk. Therefore a presumption of regularity and validity arose. 31A C.J.S. Evidence § 146 (1964) and authorities there cited under Note 67.
In addition to the presumption, both the mayor and the city clerk testified that the minutes of each day of the regular meeting, of which the day on which the annexation ordinance was adopted was one, had been signed by them within ten days.
The only countervailing evidence offered by protestants consisted of the testimony, given on rebuttal before the close of the case by one of the attorneys for protestants, to the effect that he recalled that when he had looked at the minutes on June 3 or June 4, 1971, more than a year previously, they had not been signed. Final adjournment of the regular meeting occurred on June 2, 1971.
It is now insisted by appellees that this testimony created an issue of fact as to the time of signing, the presumption of regularity vanished, the chancellor, as trier of facts, accepted it and rejected the testimony of the mayor and clerk, that in so doing he was not manifestly wrong, and therefore his conclusion may not be disturbed by this Court.
Fortunately we do not reach that question.
Mississippi Code 1942 Annotated section 3374-72 (Supp. 1971), as it appeared at the times involved here, provided, among other things:
 The minutes of every municipality must be signed by the mayor or a majority of all the members of the governing body of the municipality within ten (10) days of the meeting thereof, and upon *Page 391 
such signing said minutes shall have the legal effect of being valid from and after the date of the meeting. All minutes signed after ten (10) days from the date of the meeting shall be valid from and after the date of such signing.
It will be seen that the statute deals with the minutes ofmeetings, not with days of meetings. Also, it is obvious that it was the legislative intent to provide latitude in the signing of minutes in order that official actions should not be invalidated, even if not signed in ten days. (Since the events here involved took place, the Legislature has increased the ten day period to twenty-two days.)
The City Commission convened its regular session on May 17, 1971. By appropriate recessing orders, the Council continued in regular session on May 18, 24 and 26, 1971, and June 2, 1971. The annexation ordinance was duly adopted on May 18, 1971, and the regular meeting was not finally adjourned until June 2, 1971. The ten days contemplated by the statute began to run from June 2, 1971.
The general rule with respect to adjourned and recessed meetings is stated in 62 C.J.S. Municipal Corporations § 394 (1949):
 Adjourned meeting as regular or special. An adjourned meeting of either a regular or special meeting is but a continuation of the meeting of which it is an adjournment, and any business which could have been transacted at the original meeting may be transacted at the adjourned meeting. Thus meetings of the council or board on a day other than the stated one for regular meetings, assembled pursuant to adjournment of the regular meetings, are not special meetings, or a distinct class of meetings, but are regular meetings with all the power and authority for municipal affairs possessed on the stated day for assembling, and all municipal action taken at such meeting is as valid as if taken on the first day of the session.
In Culpepper v. Phenix City, 216 Ala. 318, 320-321, 113 So. 56, 58 (1927), the Alabama Supreme Court said:
 There is no merit in the contention that the bond election ordinance was adopted at a special meeting of the city council, as to which three of the councilmen had no notice, and were not present. The certified copy of the municipal proceedings in question, which is made a part of the bill, shows that the meeting was in fact an adjourned meeting from a regular meeting on the day before. The authorities hold, almost unanimously, that a meeting held pursuant to adjournment of a regular meeting is not a special meeting, but is itself a regular meeting, not requiring special notice to the councilmen.
A reasonable construction must be given to enactments of the Legislature. It cannot be supposed that the Legislature, in enacting the statute, was unaware of the volume, complexity and importance of the business necessary to be transacted by the governing body of a modern municipality. It would not be reasonable to suppose that it was expected that this business would always be accomplished in one day, nor that, if it was not, a special meeting would have to be called. There is no limitation, either express or implied, as to the number of days that the Commission may continue in regular meeting. It must be assumed, therefore, that it was contemplated that regular meetings would be continued from day to day or from time to time until all official business should have been completed. That was done here. As a matter of fact, if, as contended by appellees, the minutes had not been signed on June 3 or June 4, 1971, as the attorney for appellees recalled, there still remained seven or eight days of the statutory ten-day period. The mayor and clerk testified that the minutes of each day had been signed "within ten (10) days." If it should be assumed that an issue of fact was created by the testimony of the attorney as to the signing of "each day" prior to "June 3 or June 4," *Page 392 
nevertheless the testimony of the mayor and clerk is uncontroverted that the minutes were signed within ten days following final adjournment. We think that this is all that the statute required in order for the minutes of the regular meeting to become effective "from and after the date of the meeting" which means of course, the date of final adjournment when the actions taken become final.
Under such circumstances, so long as a regular meeting is recessed and continued from time to time, and not adjourned finally, there remains a certain fluidity or absence of finality to the actions taken which persists until final adjournment and approval of the minutes by signing as required by the statute. When signed within ten days, the actions taken at the meeting generally become effective, not from the date of convening, but from the date of adjournment, or if signed more than ten days after final adjournment, from the date of signing.
Appellees contend that this case is controlled by Stephens v. Mayor Board of Aldermen of City of Natchez, 261 So.2d 486, 490 (Miss. 1972). We do not think so.
We said in Stephens:
 Under section 3374-72, all minutes signed after ten days from the date of the meeting shall be valid from and after the date of such signing. Therefore, if any of the minutes of the September 13, September 23, September 27, or September 30, meetings (the latter recessing until October 4, 1971) were signed after October 18, the minutes containing the recessing orders did not become valid until such time as they were signed because more than ten days had elapsed. It would follow that there could not have been a valid meeting on October 4, 1971. (261 So.2d at 490).
However, Stephens was reversed because of the disqualification of the chancellor under the special circumstances of that case, (an entirely different and unrelated ground). In remanding, for another trial, the court commented upon the admissibility of two certificates dealing with the minutes of the governing body, which the chancellor had excluded, holding that they should be admitted into evidence on retrial. One certificate, by the Deputy City Clerk, dated November 12, 1971, asserted one thing, the certificate of the City Clerk, dated October 18, 1971, another. Considering the disparity in dates of these two certificates, conceivably, both might have been correct. The question of the validity of the minutes was not actually presented to or before this Court for decision upon the appeal in Stephens, but remained an open question for consideration and determination by the chancellor on remand uponall of the evidence, including the two certificates. Any language in the Stephens opinion seeming to indicate an anticipatory decision of the question can only be regarded, to that extent, as dicta.
We gave in Stephens the same interpretation of Section 3374-72 that we are now giving. In Stephens, if none of the minutes were signed until after October 18th, which was fourteen days after October 4th (the last day of meeting) they were not void, but, under the "saving clause" of the statute, would be valid from the time of signing. The signing "within ten (10) days of the meeting" is a condition precedent for the minutes to date back and become valid "from and after the date of the meeting."
In City of Vicksburg v. Melsheimer, 183 Miss. 517, 524,184 So. 68, 69 (1938), suggestion of error overruled and judgment modified, 183 Miss. 517, 185 So. 207 (1938), although it did not deal with the precise aspect of adjourned or recessed meetings of municipal boards, and the decision was expressly limited to the issue presented and decided in that case, the Court approved meetings of the municipal authority beginning at its regular meeting on December 7, 1936, and concluding on January 7, 1937, although the days of meeting were not consecutive. Recessing orders, adopted *Page 393 
at the regular December meeting on December 7, and at the regular January meeting, on January 4, had provided only that the Board would "meet from day to day and time to time" to revise the assessment rolls. As stated, several days intervened between the meetings at which the recessing orders were entered and that held on January 7, 1937, when, this Court said, "steps were taken vital to the validity of the assessment." The Court said:
 It is laid down by the weight of authority, in fact there is but little dissent from it, that a special meeting of a municipal board, — which means, of course, a meeting held at any time other than that fixed for regular meetings, or by reason of valid adjournments therefrom, — is legal when all the members are present and acting although no notice of the meeting was issued or served. It is said that when all are present and acting, everything has been accomplished which a notice would have secured. 19 R.C.L. p. 885; 43 C.J. p. 501; 2 Dillon Munic. Corp. (5th Ed.), p. 886; 2 McQuillan Munic. Corp. (2d Ed.), p. 45.
The contention that the annexation ordinance itself (as distinguished from signing the minutes of which it was part) was not signed within ten days after its adoption is without merit for the reasons stated. The ordinance was set out in full in the minutes of the board and was duly signed by the proper officials as a part of the minutes. This constituted a sufficient signing of the annexation ordinance for the purpose of proceeding further.
Annexation ordinances have been placed in a special category by the Legislature and dealt with separately. Mississippi Code 1942 Annotated §§ 3374-10 through 3374-16 (1956). These special statutes control over statutes dealing with municipal ordinances generally. Mississippi Code 1942 Annotated section 3374-13 (1956) provides, among other things:
 In any event, the decree of the chancellor (in cases involving annexation ordinances) shall become effective after the passage of ten (10) days from the date thereof or, in event an appeal is taken therefrom, within (10) days from the final determination of such appeal.
In Lippian v. Ros, 253 Miss. 325, 337, 175 So.2d 138, 144 (1965), our Court said:
 We hold that the decree of the chancery court ratified and approved the ordinance extending the city limits of Pascagoula, and that such annexation became final ten days after rendition of the decree when no appeal was perfected from said decree. We further hold that part of the decree which attempted to defer the effective date of annexation of part of the territory is void and of no effect.
Obviously an annexation ordinance becomes effective when, and not before, it is approved by a decree of the chancery court. Neither recording nor signing of such an ordinance in the ordinance book will render it effective without such approval. It is to be doubted that an annexation ordinance should be recorded in the ordinance book until after it shall have been approved by a decree of the chancery court in statutory proceedings. In any event, an annexation ordinance is without effect until so approved.
We have advanced this case upon the docket of this Court as a case of unusual public concern. Considerable delay has been occasioned by an appeal from a decree sustaining a demurrer to the petition for what appeared to us to have been an amendable omission. Without any intention to be or even to seem critical, further delay has now resulted from the present appeal. Since the proceedings of the City Commission in adopting the annexation ordinance were valid as reflected by the record of the full blown evidentiary hearing, conducted by the trial court, we hold that this issue is now foreclosed. The case *Page 394 
should now proceed to final hearing and determination upon its merits and it is remanded to the chancery court for that purpose.
Reversed and remanded.
RODGERS, P.J., and INZER, ROBERTSON and WALKER, JJ., concur.