MYERS, J.,
for the Court:
¶ 1. Pryor Spencer Bailey, III, appeals the decision of the Circuit Court of Oktib-beha County awarding summary judgment to the City of Starkville. In this appeal, he challenges the procedures utilized by the City of Starkville in renewing its judgment against him. Finding no error, we affirm.
FACTS
¶ 2. On April 24, 1990, summary judgment was entered against Bailey and in favor of Starkville in the amount of $282,786.71. Bailey never satisfied the judgment. At the regular Starkville city meeting on April 1, 1997, a resolution was passed authorizing the law firm of Ghol-son, Hicks & Nichols to represent Stark-ville in renewing the judgment. That meeting, however, was recessed until April 15, 1997, pursuant to a “motion to recess.” The meeting was officially adjourned during the April 15 session. The mayor and city clerk signed the minutes of the meeting on May 13,1997.
¶ 3. Starkville filed a complaint to renew the judgment on April 23, 1997, one day before the running of the seven year statute of limitations on judgments. Bailey filed an answer to the complaint, asserting that Starkville had not properly authorized the filing of the complaint pursuant to Miss.Code Ann. § 21-15-17 (Rev.2000). *466 The trial court granted summary judgment in favor of Starkville, and this appeal followed.
I. WHETHER THE MINUTES OF THE REGULAR APRIL 1, 1997, MEETING WERE SIGNED AUTHORIZING THE RECESSED MEETING OF APRIL 15,1997, THEREBY RATIFYING ANY ACTIONS TAKEN AT BOTH MEETINGS.
¶4. Bailey contends that because the minutes of the April 1 meeting were not signed within thirty days of April 1, any actions taken at that meeting, namely, the passage of a resolution to renew the judgment against him, are invalid. Starkville counters that the April 1 meeting was not adjourned until April 15, so the minutes needed only to be signed within thirty days of April 15 in order to be valid. The controlling statute in this matter, Miss. Code Ann. § 21-15-38 (Rev.2000), provides that:
[t]he minutes of every municipality must be adopted and approved by a majority of all the members of the governing body of the municipality at the next regular meeting or within thirty (30) days of the meeting thereof, whichever occurs first. Upon such approval, said minutes shall have the legal effect of being valid from and after the date of the meeting. The governing body may by ordinance designate that the minutes be approved by the mayor.
¶ 5. The Mississippi Supreme Court addressed a similar situation in City of Biloxi v. Cawley, 278 So.2d 389, 391 (Miss.1973). In that case, in which an annexation ordinance issued by the city commission was being challenged,
“[t]he City Commission convened its regular session on May 17, 1971. By appropriate recessing orders, the Council continued in regular session on May 18, 24 and 26, 1971, and June 2, 1971. The annexation ordinance was duly adopted on May 18, 1971, and the regular meeting was not finally adjourned until June 2,1971.”
Id. In finding that “[t]he [time period] contemplated by the statute began to run from June 2, 1971,” the court cited 62 C.J.S. Municipal Corporations 394 (1949):
Adjourned meeting as regular or special. An adjourned meeting of either a regular or special meeting is but a continuation of the meeting of which it is an adjournment, and any business which could have been transacted at the original meeting may be transacted at the adjourned meeting. Thus meetings of the council or board on a day other than the stated one for regular meetings, assembled pursuant to adjournment of the regular meetings, are not special meetings, or a distinct class of meetings, but are regular meetings with all the power and authority for municipal affairs possessed on the stated day for assembling, and all municipal action taken at such meeting is as valid as if taken on the first day of the session.
Id. The court reasoned that “it is obvious that it was the legislative intent to provide latitude in the signing of minutes in order that official actions should not be invalidated, even if not signed [within the statutory time period].” Id.
¶ 6. As noted above, the April 1 meeting was not recessed until April 15, when it was concluded and adjourned. The minutes from the April 15 meeting were signed by the mayor and the city clerk at the next regular meeting on May 13, 1997. This signing occurred within thirty days of the adjournment of the meeting. The filing of the complaint against Bailey on April 23 was therefore a duly authorized and ratified action. This issue is without merit.
II. WHETHER THE CITY OF STARKVILLE USED AN IM *467 PROPER PROCEDURE TO RECESS THE APRIL 1, 1997, MEETING TO APRIL 15, 1997.
¶ 7. Bailey also challenges the method employed by- Starkville in recessing the April 1 meeting until April 15, arguing that an order rather than a motion was required to recess the meeting properly. There is no indication in the record that Bailey raised this issue at the trial level. Therefore, it is procedurally barred from appellate review. Harris v. Lewis, 755 So.2d 1199, 1204(¶15) (Miss.Ct.App.1999); Douglas v. Blackmon, 759 So.2d 1217, 1220 (¶ 9) (Miss.2000); Wright v. White, 693 So.2d 898, 903 (Miss.1997).
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE CITY OF STARKVILLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, AND CHANDLER, JJ., CONCUR. BRANTLEY, J., NOT PARTICIPATING.