CARLTON, J.,
dissenting:
¶ 26. I respectfully dissent. I submit that this Court’s reliance upon Rankin Group, Inc. v. City of Richland, 8 So.3d 259 (Miss.Ct.App.2009) is misplaced, as the Rankin Group opinion conflicts with Mississippi Supreme Court precedent.
¶27. In City of Biloxi v. Cawley, 278 So.2d 389, 392 (Miss.1973), the supreme court explained that “for the minutes ... to become effective ‘from and after the date of the meeting’ ” means “the date of final adjournment when the actions taken become final.” The court noted that actions are not final[7] until the minutes are signed, expressing that when a meeting is only recessed and not adjourned, “there remains a certain fluidity or absence of finality to the actions taken which persists until final adjournment and approval of the minutes by signing as required by the statute.” Id. The court also interpreted the statute as stating that “the actions taken at the meeting generally become effective, not from the date of convening, but from the date of adjournment, or if signed more than [thirty] days after final adjournment, from the date of signing.” Id. (emphasis added).[8] Until final adjournment, a decision by a board or council could be reconsidered and/or changed. To ensure clarity regarding the interpretation and application of Cawley to the present case, I cite the following pertinent passage in full:
We think that this is all that the statute required in order for the minutes of the regular meeting to become effective “from and after the date of the meeting” which means of course, the date of final adjournment when the actions taken become final.
Under such circumstances, so long as a regular meeting is recessed and continued from time to time, and not adjourned finally, there remains a certain fluidity or absence of finality to the actions taken which persists until final adjournment and approval of the minutes by signing as required by the statute. When signed within ten days, the actions taken at the meeting generally become effective, not from the date of convening, but from the date of adjournment, or if signed more than ten days after final adjournment, from the date of signing.
Appellees contend that this case is controlled by Stephens v. Mayor & Board of Aldermen of City of Natchez, 261 So.2d 486, 490 (Miss.1972). We do not think so.
We said in Stephens:
*1123 Under section 3374-72, all minutes signed after ten days from the date of the meeting shall be valid from and after the date of such signing. Therefore, if any of the minutes of the September 13, September 23, September 27, or September 30, meetings (the latter recessing until October 4, 1971) were signed after October 18, the minutes containing the recessing orders did not become valid until such time as they were signed because more than ten days had elapsed. It would follow that there could not have been a valid meeting on October 4, 1971. (261 So.2d at 490).

Id.

¶ 28. So, a decision is not really a decision until final adjournment or approval of the minutes within thirty days of the meeting. See Miss.Code Ann. § 21-15-33 (Rev. 2007). Therefore, I must respectfully dissent from the majority’s opinion and request that Rankin Group be revisited.

. The Mississippi Supreme Court has mandated that any final action by municipal authorities or a board of supervisors is appealable under Mississippi Code Annotated section 11-51-75 (Rev.2002). See S. Cent. Turf, Inc. v. City of Jackson, 526 So.2d 558, 561 (Miss. 1988).

. Cawley was decided in 1973, before the revision of Mississippi Code Annotated section 21-15-33. The revision did not affect the definition of meeting; instead, it extended the required time for signing the minutes from ten days to thirty days.