545 So.2d 734 (1989)
Richard BARRETT
v.
HINDS COUNTY, Mississippi.
No. 58518.
Supreme Court of Mississippi.
May 31, 1989.
*735 M. Charles May and Richard Barrett, Jackson, for appellant.
William Walker, Jr. and Walker & Walker, Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and PITTMAN, JJ.
PRATHER, Justice, for the Court:
This appeal is a zoning law case involving constitutional protection of property rights of alleged pre-existing, non-conforming uses of residentially zoned structures. Hinds County, Mississippi, plaintiff below, brought this action to enjoin Richard Barrett, defendant below, from maintaining his law office in his residence on the outskirts of Learned, Mississippi. Hinds County moved for summary judgment, which was granted by the Chancery Court of Hinds County. Barrett now appeals the trial court's decision, contending that it was error for the trial court to allow the zoning ordinance in question to be applied retroactively against him, in violation of his constitutional rights. He maintains that his use of the property pre-existed the adoption of the zoning ordinance and was, therefore, a pre-existing, non-conforming use exempt from the ordinance provisions. Lack of an administrative factfinding hearing before the Planning Zone was also assigned as error.

I.
Richard Barrett purchased certain real property in Hinds County on September 15, 1969 at a tax sale at a time when there was no zoning law regulating the use of the land and structure existing in Hinds County. It is undisputed that he immediately began occupying the structure on the property at his residence and used the premises continuously thereafter until the date of hearing. However, it is disputed by Hinds County that Barrett also used the structure as his law office from 1969 forward. On March 10, 1970, Hinds County passed a zoning ordinance which zoned the lot in question as residential and prohibited use of the property as an office. On September 28, 1971, Barrett received a tax deed to *736 his property, and filed a tax deed confirmation suit.
It was in about 1983 that Barrett filed a petition seeking commercial status of his house under the Hinds County Zoning Ordinance in contemplation of adding an associate to his law practice; however, the plans for such addition changed, and Barrett "dropped" his application for zoning change and allegedly continued to use the property as he had since 1969. Hinds County, through its Building Director, sought to secure Barrett's voluntary discontinuance of the use of the structure on the lot in question as a law office without success.
On October 9, 1986, Barrett was sued by Hinds County asking that he be enjoined from operating his office on the premises in question because the office was allegedly in violation of the county's zoning ordinance. Barrett answered denying the claim, and asserting the affirmative defense that he had used the said premises for his office since before enactment of the zoning ordinance, and that to now apply the ordinance against him in such a retroactive fashion would be a violation of his constitutional rights under the Fifth and Fourteenth Amendments of the Constitution of the United States and § 14 of the Constitution of the State of Mississippi.
Barrett filed a counterclaim, asking that Hinds County be enjoined from interfering with Barrett's quiet and peaceful use of the premises on the grounds that his use thereof constituted a non-conforming, pre-existing use prior to adoption of the present zoning ordinance. Barrett moved to dismiss the complaint or alternatively for summary judgment on March 6, 1987, for the reasons previously noted. On April 1, 1987, his motion to dismiss or for summary judgment was denied.
Hinds County moved for summary judgment on April 14, 1987, on the grounds that the appellant had purchased the property in question on September 15, 1969 at a tax sale, that the zoning ordinance was adopted on March 10, 1970, that a tax deed was not issued to Barrett until September 28, 1971, and that, therefore, Barrett could not claim to have a pre-existing, non-conforming use. The trial court granted summary judgment on June 11, 1987, finding that a purchaser at a tax sale does not have the right to possess the land until two years after the date of the sale, and therefore, the appellant "did not legally take possession of the property ... until after enactment of a 1970 Hinds County Zoning Ordinance." The trial court held that the appellant had violated the zoning ordinance in question and should be enjoined from using the property as his office. Barrett then perfected his appeal to this Court.

II.
The growth of cities and concentration of population during this century has given rise to regulations for land use and urban planning. It is generally recognized that New York City created the first modern zoning ordinance in 1916, and that this ordinance was upheld in Lincoln Trust Co. v. Williams Building Corp., 229 N.Y. 313, 128 N.E. 209 (1920). See D. Hagman and J.C. Juergensmayer, See Urban Planning and Land Development Control, § 3.1, p. 39 (2d ed. 1986). No sooner had such regulations been enacted than challenges to their constitutionality were made on the basis that such restrictions were at variance with the fundamental nature of private ownership of land. In Euclid v. Ambler Realty Co., 272 U.S. 365, 387, 47 S.Ct. 114, 118, 71 L.Ed. 303, 310 (1926), the United States Supreme Court heard a constitutional challenge based on § 1 of the Fourteenth Amendment of the United States Constitution that zoning deprived the landowner of liberty and property without due process of law and equal protection of the law. However, the zoning ordinance was upheld by the United States Supreme Court under the police power of the state asserted for the public good. No constitutional prohibitions were announced so long as the regulations had a substantial relation to the public health, safety, morals, and general welfare. While upholding the constitutional validity of the principle of zoning, the court recognized that certain arbitrary and unreasonable applications could infringe *737 upon the constitutional rights of landowners. In recognition of the landowner's rights, many zoning ordinances have had incorporated into their provisions exemption of uses and structures existing at the time of the adoption of the zoning ordinance, which uses and structure did not conform to the new requirements of the zone in which they were located. In some constitutional challenges to zoning restrictions, the courts have upheld the ordinance as reasonable because of the exemption of pre-existing uses.
Such is the case with the Hinds County Zoning Ordinance. There was a provision that approved the continuance of a non-conforming use, if it predated the adoption of the ordinance. The term non-conforming can apply to a non-conforming building or to a non-conforming activity. In the instant case, it is the alleged activity of a law office within a residentially zoned area that is complained of by Hinds County as a non-conforming use of a structure.
Non-conforming uses may be permitted to continue where the uses were lawfully established at the adoption of the ordinance; however, depending on the ordinance provisions, the exemption granted to a pre-existing non-conforming use may be lost upon any change in the use, or abandonment. It has also been held that an occasional use for certain purposes does not establish a non-conforming use. Durning v. Summerfield, 314 Ky. 318, 235 S.W.2d 761 (1951).
The nature of the right to a non-conforming use is a property right. It has been held that the right to continue a non-conforming use, once established and not abandoned, runs with the land. Appeal of Indianhead, Inc., 414 Pa. 46, 198 A.2d 522 (1964), Eitnier v. Kreitz Corp., 404 Pa. 406, 172 A.2d 320 (1961). It has been held by some courts that any ordinance which takes away that right in an unreasonable manner, or in a manner not grounded in the public welfare is invalid. Village of Skokie v. Almendinger, 5 Ill. App.2d 522, 126 N.E.2d 421 (1955); Higgins v. Baltimore, 206 Md. 89, 110 A.2d 503 (1954); Amereihn v. Kotras, 194 Md. 591, 71 A.2d 865 (1950). These general observations aid this Court in resolving the issue at bar.

III.

WAS IT ERROR FOR THE TRIAL COURT TO APPLY THE ZONING ORDINANCE RETROACTIVELY AGAINST THE APPELLANT, IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS?
Under the appellant's sole assignment of error, it is his contention that he began using the property in question as his law office immediately after purchasing the land at the tax sale in 1969, thus constituting a pre-existing, non-conforming use of the property. Since the Hinds County Zoning Ordinance was not enacted until 1970, Barrett maintains that its application to him in this case in a retroactive manner is a violation of his constitutional rights. As previously noted, the chancellor granted summary judgment against Barrett because a purchaser at a tax sale does not have the right to possess the land until the two year period of redemption has passed.
There are several statutes contained in Miss. Code Ann. which govern tax sales and ownership of property sold under those tax sales. The relevant portion of § 27-41-79 of Miss. Code Ann. (1972), reads as follows:
All such lists shall vest in the state or in the individual purchaser thereof a perfect title to the land sold for taxes, but without the right of possession for the period of and subject to the right of redemption.
Miss. Code Ann. § 27-41-81 reads in an almost identical manner.
Concerning this right of redemption, the relevant statute, § 27-45-3, reads as follows:
The owner, or any persons for him with his consent, or any person interested in the land sold for taxes, may redeem the same, or any part of it, where it is separable by legal subdivisions of not less than 40 acres, or any undivided interest in it, at any time within two years after the day of the sale. (Emphasis added)
It is immediately apparent that any purchase of property made at a tax sale *738 places certain limitations on the rights given to the purchaser of the property at the time of sale. Barrett in this case is such a purchaser. Although he purchased the property on September 15, 1969, he had no actual right of possession until September 15, 1971, the end of the period of redemption by the former owner.
Clearly, the chancellor was correct in his finding that Barrett had no legal right to possess the land as tax sale purchaser until the owner's redemption period has passed under Miss. Code Ann. § 27-41-79, § 27-41-81, and § 27-45-3. The fact is, however, that Barrett in 1969 did occupy the lot without objection from the owner, and received a tax deed in 1971. The situation would be entirely distinguishable had Barrett not received such a tax deed in 1971.
However, the issue is whether Barrett's possession of land under claim of adverse possession and color of title by virtue of his tax sale purchase in 1969 qualifies as a pre-existing, non-conforming use that predated the zoning ordinance. Our research has not developed any authority that permits a person to claim a pre-existing, non-conforming use except a landowner.
It is established law that a deed generally takes effect from the date of its delivery. Crooker v. Hollingsworth, 210 Miss. 636, 46 So.2d 541, 542 (1950). Crooker, supra states that "[u]nder certain circumstances, however, the courts apply the doctrine of relation by which passage of title is considered a fiction of law to relate back to a prior date, provided no prejudice results to intervening equities... ." 210 Miss. at 639, 46 So.2d at 542. See also 26 C.J.S. Deeds § 94, p. 346. The facts of this case present the circumstances to apply this "fiction of law."
Barrett claimed possession under color of title that ripened into a confirmed title of ownership; he occupied the premises from 1969 forward; he asserts a landowner's constitutional right under the due process clause. In the balancing of public benefit against private property losses, this Court is of the view that the constitutional claim must prevail. This Court therefore holds that Barrett's claim of ownership under color of title is sufficient to apply the "doctrine of relation" back to 1969 for purposes of challenging the zoning ordinance.
However, our analysis does not end here. The Crooker case also conditions the application of the "doctrine of relation" to instances in which no prejudice would result to intervening equities. The intervening equity that has occurred here is Hinds County's adoption of a zoning ordinance. Therefore, this Court has to weigh the rights of the governmental entity to regulate private property rights under zoning ordinances against an individual's assertion of a constitutionally based property right.
Again, this Court holds that the constitutional right must prevail under the relation doctrine of Crooker and permits Barrett to claim such an exemption under the Hinds County Zoning Ordinance. However, the existence of the non-conforming use of the structure as a law office from 1969 forward, once established and not abandoned, is a disputed fact and requires a factual determination by the Hinds County Board of Supervisors after receipt of a report and recommendation of the Planning Commission under the terms of the ordinance.
The chancery court's granting of summary judgment is therefore reversed, and this case is remanded to the Board of Supervisors of Hinds County for their referral to the Planning Commission for a factfinding determination on the issue of actual and continuous use from 1969 of this structure as a law office.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN and BLASS, JJ., concur.
ANDERSON, J., not participating.