850 So.2d 101 (2002)
Stephen W. MILLER, Appellant,
v.
R.B. WALL OIL COMPANY, INC., Appellee.
No. 2000-CA-01368-COA.
Court of Appeals of Mississippi.
May 14, 2002.
*102 David N. Gillis, Wayne E. Ferrell, Jr., Jackson, attorneys for appellant.
Robert A. Miller, William A. Patterson, Roy A. Smith, Jr., William Douglas Mann, Jr., Phillip Lane Norwood, Jackson, attorneys for appellee.
Before McMILLIN, C.J., BRIDGES, and IRVING, JJ.
IRVING, J., for the court.
¶ 1. This appeal arises from a judgment of the First Judicial District of the Circuit Court of Hinds County granting summary judgment in favor of R.B. Wall Oil Company, Inc. against Stephen Miller. Feeling aggrieved, Miller has appealed and asserts that the grant of summary judgment was improper. In his appeal, Miller raises three questions which are quoted verbatim below:
(1) Was the control exercised by Wall over Mary Jo Bueto sufficient enough to make Bueto the agent of Wall and is Wall responsible for the negligence of Bueto and her employees?
(2) Is Miller entitled to an award of punitive damages?
(3) Is Miller entitled to reasonable expenses and attorney's fees for defending Wall's motion for summary judgment, including expenses and fees for the filing of this appeal?
¶ 2. We find that the judgment appealed from is not a final judgment of the case nor a final judgment as to one of the parties entered pursuant to Rule 54 of the Mississippi Rules of Civil Procedure. Consequently, we dismiss this appeal for lack of jurisdiction.

FACTS
¶ 3. On January 12, 1995, Stephen Miller fueled his truck at the Bogue Chitto Truck Stop. While fueling his truck, Miller slipped and fell on diesel fuel spillage that was already on the ground. At the time of Miller's accident, Bueto was leasing the truck stop from Wall, the fee simple title holder of the property. Miller filed suit against Bueto, Wall, and Shell Oil Company, Inc. on February 20, 1997. Wall filed its motion for summary judgment on December 20, 1999. In an order dated May 15, 2000, the trial court entered a final judgment of dismissal with prejudice in favor of Wall. The judgment stated, "This Court also finds, pursuant to 54(b) of the Mississippi Rules of Civil Procedure, that only the Defendant, R.B. Wall Oil Company, Inc., is being dismissed from this action and that this action shall proceed as against the remaining Defendant." From this judgment, Miller now appeals.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 4. We first take judicial notice of the fact that Miller appealed to this Court from a grant of summary judgment in favor of Shell. Miller v. Shell Oil Co., 783 So.2d 724 (Miss.Ct.App.2000). In that decision, we found that a genuine issue of fact did exist as to the existence of an agency relationship between Bueto and *103 Shell and that summary judgment was improper. Moreover, we reversed and remanded the case for trial on the merits. Shell Oil Co., 783 So.2d 724 at (¶ 19).
¶ 5. This Court, on its own initiative, may dismiss an appeal for improper Rule 54(b) certification. Williams v. Delta Reg'l Med. Ctr., 740 So.2d 284(¶ 5) (Miss. 1999). Rule 54(b) of the Mississippi Rules of Civil Procedure provides:
[W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
A comment to Rule 54 expressly states that, "[a]bsent a certification under Rule 54(b), any order in a multiple party or multiple claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory."
¶ 6. The case sub judice involves three defendants, Bueto, Wall, and Shell. Shell had been dismissed as a defendant by the lower court; however, Shell was restored to its defendant status by our decision dated May 30, 2000. Shell Oil Co., 783 So.2d 724 at (¶ 19). The judgment appealed from was signed by the trial judge on May 15, 2000, and entered by the clerk on May 17, 2000. This was approximately two weeks prior to our decision in Shell. So far as we can tell, Bueto remains, or at least was at the time of the grant of summary judgment, a defendant in the action.
¶ 7. The language included in the trial court's judgment was not sufficient to certify the judgment as a final judgment under Rule 54(b). The rule permits a final judgment in favor of fewer than all the parties only "upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment." M.R.C.P. 54(b). No such expressed determination "that there is no just reason for delay" was included in the language of the judgment or elsewhere. The rule is clear that in the absence of such a determination, any order or other form of decision shall not terminate the action as to any of the parties. Therefore, we hold that the summary judgment in favor of Wall did not terminate Miller's claims against Wall and is not an appealable judgment. It is an interlocutory judgment from which no appeal lies, except as permitted by Rule 5 of Mississippi Rules of Appellate Procedure. No such permission has been granted. For the reasons stated, this appeal is dismissed.
¶ 8. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER JJ., CONCUR. BRANTLEY, J., NOT PARTICIPATING.