MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. In 2008, Pearson’s Fireworks, Inc. (Pearson’s) brought three claims against the City of Hattiesburg, Mississippi. Pearson’s sought (1) a declaratory judgment that the city ordinance prohibiting the sale of fireworks was unenforceable against it, (2) damages for the “regulatory taking” of its business, should the city ordinance be declared enforceable, and (3) injunctive relief preventing Hattiesburg from closing its business until the resolution of its first and second claims. In 2010, the Lamar County Circuit Court granted summary judgment in favor of Hattiesburg because the city ordinance was enforceable against Pearson’s. But the circuit court did not address Pearson’s damages claim. Though Pearson timely appealed the judgment, under Mississippi Rule of Civil Procedure 54(b) an order that “adjudicates fewer than all of the claims” is not a final, appealable order. Because the judgment addressed only one of Pearson’s claims, it is not a final order under Rule 54(b). Thus, we must dismiss Pearson’s appeal for lack of jurisdiction.
 

 BACKGROUND FACTS
 

 ¶ 2. In 2003, Pearson’s leased land along Highway 98 in Lamar County to operate a fireworks stand. The lease was for ten years, with an option to renew for an additional fifteen years. In 2007, Hatties-burg annexed the land where Pearson’s operated. An existing city ordinance prohibited the sale of fireworks within the city limits of Hattiesburg. Pearson’s unsuccessfully sought, under the Hattiesburg’s Land Development Code, “non-conforming use” status in order to continue operating the fireworks stand within Hattiesburg’s limits. The Land Development Code Administrator denied Pearson’s application because the city-wide prohibition of fireworks is not a zoning matter. For this same reason, the city council denied an appeal under the Land Development Code’s procedures.
 

 PROCEDURAL HISTORY
 

 ¶ 3. On December 11, 2008, Pearson’s sued Hattiesburg. The complaint stated, and Pearson’s brief reiterated, Pearson’s was requesting three separate types of relief:
 

 (1) A declaratory judgment that Pearson’s could continue to operate its fireworks stand under the zoning code’s “grandfather clause”;
 

 (2)- Damages for the compensable “regulatory taking” of Pearson’s business; and
 

 (3) Injunctive relief preventing Hatties-burg from closing Pearson’s business until the court’s resolution of claims (1) and (2).
 

 
 *1278
 
 Through a December 19, 2008 order, the parties agreed to attempt to reach a settlement. If a settlement could not be reached, they agreed “the Court will decide whether the plaintiff is entitled to a declaratory judgment as prayed for in Count I of the complaint.” And “[i]f the Court should determine that plaintiff is not entitled to prevail on its claim for declaratory relief, then the plaintiff shall not be allowed to continue its business within the city limits of Hattiesburg. However, the plaintiff may at that time elect to pursue its claim for damages for what it contends is an unlawful taking of its property.”
 

 ¶ 4. On March 3, 2009, Pearson’s filed a motion for declaratory judgment. The motion explained that Pearson’s was solely moving for relief for its first claim. And only if this claim was unfavorably resolved would it proceed to its second claim for damages. The motion stated, should the court grant Pearson’s request for a declaratory judgment, “this will be the end of this case.” If not, “then further proceedings will be necessary in this case to determine whether such closure constitutes an unlawful taking in violation of the due process clauses of both the United States and the Mississippi Constitutions, and if so, the amount of any damages Pearson’s may be entitled to.”
 

 ¶ 5. On January 4, 2010, the circuit court entered a judgment on Pearson’s motion for a declaratory judgment. The circuit court treated the declaratory-judgment action as one for summary judgment, based on Hattiesburg’s ore tenus motion. It denied Pearson’s request for a declaratory judgment. It then granted Hattiesburg summary judgment based on “the court[’s] finding that the ordinance prohibiting the sale of fireworks is a legitimate exercise of the municipality’s police powers” under Mississippi Code Annotated section 21-19-15(3) (Rev.2007). The court reasoned that because “this prohibition operates throughout [Hattiesburg’s] annexed boundaries regardless of their change, ... the sale of fireworks is not entitled to being ‘grandfathered in’ or given a ‘nonconforming use’ status.” The judgment, however, was completely silent about Pearson’s claim for damages for a regulatory taking.
 

 ¶ 6. The judgment became enforceable on March 4, 2010, when Pearson’s motion to enforce settlement was denied.
 
 [1]
 
 On March 19, 2010, Pearson’s filed a notice of appeal “from the final judgment entered in this case on January 4, 2010.” Among its arguments on appeal is its claim “[t]he circuit court erred in granting summary judgment to [Hattiesburg] without addressing the plaintiffs claims for damages for the regulatory taking.”
 

 LAW AND DISCUSSION
 

 ¶ 7. The record shows Pearson’s was careful to preserve its right to proceed on its regulatory-takings claim if its declaratory-judgment claim was denied. It is clear the circuit court simply did not address the regulatory-takings claim in January 2010 because the parties had agreed the declaratory-judgment action should be resolved first. Because the judgment Pearson’s appeals from did not adjudicate all of Pearson’s claims, nor was it certified as a final judgment under Rule 54(b), we must dismiss the appeal for lack of jurisdiction.
 

 I. Rule 54(b)
 

 ¶ 8. “When all the issues in a case or claims against all the parties are not resolved in a judgment, no appeal of right
 
 *1279
 
 can be taken.”
 
 Williams v. Bud Wilson’s Mobile Home Serv.,
 
 887 So.2d 830, 832 (¶ 5) (Miss.Ct.App.2004). Mississippi Rule of Civil Procedure 54(b) states:
 

 When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ...
 
 only
 
 upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision,
 
 however designated which adjudicates fewer than all of the claims
 
 ... shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 

 M.R.C.P. 54(b) (emphasis added). The comment to the rule makes explicit:
 

 If the court chooses to enter such a final order, it must do so in a definite, unmistakable manner. Absent a certification under Rule 54(b), any order in a multiple party or multiple claim action,
 
 even if it appears to adjudicate a separable portion of the controversy,
 
 is interlocutory.
 

 M.R.C.P. 54(b) cmt. (emphasis added).
 

 II. Interlocutory Order
 

 ¶ 9. This is a multiple-claim action governed by Rule 54(b) — a fact Pearson’s emphasizes in its appellate brief. Thus, in order to proceed with Pearson’s appeal, we would have to find the judgment adjudicated all of Pearson’s claims or was certified under Rule 54(b). M.R.C.P. 54(b).
 

 ¶ 10. The judgment does not adjudicate Pearson’s regulatory-takings claim. And although Rule 56 of the Mississippi Rules of Civil Procedure permits summary judgment on specific claims, it must be read in conjunction with Rule 54(b), which provides a grant of
 
 partial
 
 summary judgment is interlocutory without a Rule 54(b) certification.
 
 See Miller v. R.B. Wall Oil Co., Inc.,
 
 850 So.2d 101, 103 (¶¶ 6-7) (Miss.Ct.App.2002) (holding a grant of summary judgment in favor of fewer than all defendants was interlocutory under Rule 54(b)). The judgment did not reflect a grant of summary judgment in favor of Hattiesburg “on all claims.” Instead, the circuit court disposed of only one claim in Pearson’s motion for a declaratory judgment — Pearson’s claim that Hattiesburg could not apply the fireworks ordinance to it. The circuit court was to adjudicate the regulatory-takings claim only if it found the fireworks ordinance applied to Pearson’s.
 
 See
 
 M.R.C.P. 54(b) cmt. (requiring Rue 54(b) certification for orders that “appear[]to adjudicate a separable portion of the controversy” in a multi-claim action).
 

 ¶ 11. Further, the judgment was not certified as final under Rule 54(b). No where in the judgment or the record did the circuit court include “an expressed determination that there is no just reason for delay” and “an expressed direction for the entry of the judgment.”
 
 Ind. Lumbermen’s Mut. Ins. Co. v. Curtis Mathes Mfg. Co.,
 
 456 So.2d 750, 753 (Miss.1984) (quoting M.R.C.P. 54(b)). Without this Rule 54(b) certification, the judgment Pearson’s attempts to appeal is interlocutory. M.R.C.P. 54(b) & cmt.
 

 1112. An interlocutory order is only appealable if the Mississippi Supreme Court grants permission under Rule 5 of the Mississippi Rules of Appellate Procedure.
 
 Miller v. Cont’l Mineral Processing,
 
 39 So.3d 998, 1000 (¶ 9) (Miss.Ct.App.2010) (citing
 
 Lloyd G. Oliphant & Sons Paint Co. v. Logan,
 
 12 So.3d 614, 617 (¶ 9) (Miss.Ct.App.2009)). Pearson’s neither sought nor was afforded permission under
 
 *1280
 
 Rule 5 to proceed with an interlocutory appeal. Therefore, we dismiss this appeal.
 

 ¶ 13. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND RUSSELL, JJ., CONCUR. CARLTON, J„ CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . Pearson’s argued before the circuit court that a settlement had been reached on September 14, 2009. The circuit court denied its motion to enforce settlement. Pearson's does not raise this issue on appeal.