FAIR, J.,
for the Court:
¶ 1. Our supreme court has held that parties generally may only appeal from a final judgment. M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006). “A final, appealable[ ] judgment is one that ‘adjudicates the merits of the controversy which settles all issues as to all the parties’ and requires no further action by the [trial] court.” Walters v. Walters, 956 So.2d 1050, 1053 (¶ 8) (Miss.Ct.App.2007). Absent an express certification by the trial judge that there is “no just reason for delay” and an explicit direction “for the entry of the judgment,” there can be no appeal from a judgment resolving less than all issues or claims against all parties. M.R.C.P. 54(b).
¶ 2. This case is a complex proceeding to determine the heirs of Albert Gardner in Yazoo County. In a February 2012 order, the trial court found that the Appellants’ claims for establishment as children of their putative deceased father are barred by Mississippi Code section 91-1-15 (Supp. 2012). Because the chancellor’s order was not certified under Rule 54(b), it is not a final, appealable judgment. Therefore, we lack jurisdiction to consider the merits of this case and must dismiss.
FACTS
¶ 3. Albert Gardner, whose estate consisted mainly of a parcel of real estate in Yazoo County, Mississippi, died intestate in 1924. The following year, his estate was opened and his heirs were adjudicated to be his wife, Francis; their five living children; and ten grandchildren, the offspring of a deceased child. More than *97 eighty-two years after his death, on December 16, 2009, two of his grandchildren filed a petition to reopen his estate for determination of heirship, stating that his heirs were owed oil, gas, and mineral royalties.
¶ 4. The Appellants in this action are the putative children of Albert Clayborne,[1] a great-grandchild of Albert Gardner. Albert Clayborne, the divorced father of eight legitimate children, died in 1998. No action was initiated to adjudicate his heirs until 2009.
¶ 5. Kashonna Young and others joined in the pending Yazoo County proceedings, claiming to be children of Albert Clay-borne. They opened estate proceedings in Humphreys County, Albert Clayborne’s residence when he died, seeking the same determination of the same issue: that Albert Clayborne is their father and they are entitled to a portion of his estate. The two actions were consolidated by the trial courts. From a finding that the claims of heirship by the thirteen putative children of Albert Clayborne were untimely and without standing, eight of those claimants have appealed and seek reversal of the chancellor’s decision.
DISCUSSION
¶ 6. We must first note that while neither side raised the issue of jurisdiction, we must address this threshold issue. See Anderson v. Britton & Koontz Bank, N.A., 55 So.3d 1130, 1131 (¶ 5) (Miss.Ct.App.2011).
¶ 7. In her fifty-page memorandum and order dated February 28, 2012, the chancellor, in a short paragraph on the next-to-last page, held that “the following are not the lawful heirs of Albert Gardner because they fail to comply with 91-1-15 of the Miss.Code Ann.” and listed the thirteen putative children of Albert Clayborne. That statute provides that paternity of an illegitimate may be adjudicated if: (1) there is a marriage of the parents of an illegitimate, though later dissolved, or (2) there has been adjudication of paternity during the lifetime of a deceased, or (3) there has been an adjudication of paternity after death of an intestate as therein provided. Miss.Code Ann. § 91 — 1—15(3)(a)— (c). The statute further provides, as to the third requirement:
[N]o such claim of inheritance shall be recognized unless the action seeking an adjudication of paternity is filed within one (1) year after the death of the intestate or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less; and such time period shall run notwithstanding the minority of a child.
Miss.Code Ann. § 91 — 1—15(3)(e).
¶ 8. Under Rule 54(b), a trial judge “may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties” in an action. M.R.C.P. 54(b). But the judge may do so “only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.” Id. And absent a Rule 54(b) certification, any judgment — regardless of how designated — is not final if it “adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties.” Id.; see also M.R.C.P. 54(b) cmt.
¶ 9. Rule 54(b) does not require that a judgment be entered when the court disposes of one or more claims or terminates the action as to one or more parties. “Rather, it gives the court discretion to enter a final judgment in these circumstances and it provides much needed certainty in determining when a final and *98 appealable judgment has been entered. If the court chooses to enter such a final order, it must do so in a definite, unmistakable manner.” M.R.C.P. 54(b) cmt. Here, the chancellor did not indicate that the order was a final judgment or provide any Rule 54(b) certification. The fifty-page order contains many gaps regarding Albert Gardner’s descendants and their spouses, as recognized by the chancellor:
IT IS, FURTHER, ORDERED AND ADJUDGED that the aforementioned determination of heirs are subject to any spouse who survived said heirs who was not made a party to this litigation.
Whether Albert Clayborne’s mother and his grandfather survived their spouses is undetermined in the order. Further, the record shows that the order appealed from has been amended since the Appellants filed their appeal with this Court. We therefore conclude that these heirship proceedings are not final, even as to the Appellants, as they are still subject to further changes and amendments.
¶ 10. Without a certification under Rule 54(b), “any order in a multiple party or multiple claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory.” M.R.C.P. 54(b) cmt; see also Owens v. Nasco Int’l., Inc., 744 So.2d 772, 774 (¶ 8) (Miss.1999). Further, the Appellants neither sought nor received permission under Rule 5 of the Mississippi Rules of Appellate Procedure to proceed with an interlocutory appeal of this nonfinal judgment. An appellate court, on its own initiative, may dismiss an appeal for the absence of a Rule 54(b) certification. Miller v. R.B. Wall Oil, Co., Inc., 850 So.2d 101, 103 (¶ 5) (Miss.Ct.App.2002). Therefore, we dismiss for lack of jurisdiction.
¶ 11. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ„ CONCUR.

. Albert Clayborne also spelled his name, as did some of his children, "Claiborne.”